UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACEY SIVAK,<br><br>    Petitioner,<br><br>    v.<br><br>ARACELI MARTÍNEZ-OLGUÍN,[1]<br><br>    Respondent. | Case Nos. 25-cv-00727-AMO (PR)<br>25-cv-00728-AMO (PR)<br>25-cv-00729-AMO (PR)<br>25-cv-00730-AMO (PR)<br>25-cv-00735-AMO (PR)<br>25-cv-00736-AMO (PR)<br>25-cv-00739-AMO (PR)<br>25-cv-00742-AMO (PR)<br>25-cv-00743-AMO (PR)<br>25-cv-00744-AMO (PR)<br>25-cv-00745-AMO (PR)<br>25-cv-00748-AMO (PR)<br>25-cv-00749-AMO (PR)<br>25-cv-00750-AMO (PR)<br>25-cv-00751-AMO (PR)<br>25-cv-00752-AMO (PR)<br>25-cv-00754-AMO (PR)<br>25-cv-00956-AMO (PR)<br>25-cv-00958-AMO (PR)<br>25-cv-00959-AMO (PR)<br>25-cv-00960-AMO (PR)<br>25-cv-00961-AMO (PR)<br>25-cv-00962-AMO (PR)<br>25-cv-00964-AMO (PR)<br>25-cv-00965-AMO (PR)<br>25-cv-00966-AMO (PR)<br>25-cv-00967-AMO (PR)<br>25-cv-00968-AMO (PR)<br><br>**ORDER DISMISSING MULTIPLE CASES WITH PREJUDICE** |

---

[1] Sivak incorrectly spelled the undersigned judge's first name and abbreviated her last name as "Areceli M. Olguin." Case No. 25-cv-00727-AMO (PR), Dkt. 1 at 1. The undersigned's full name is Araceli Martínez-Olguín.

1  Lacey Sivak, an Idaho state prisoner and frequent litigant, filed the above-captioned
2  actions, representing himself.  Sivak presents nearly identical claims in the above-captioned
3  actions, which include petitions for a writ of mandamus seeking to compel certain conduct by the
4  undersigned judge.  Sivak specifically names the undersigned as a respondent in these cases.
5  Sivak does not seek recusal, nor is recusal warranted considering the frivolous nature of the cases.
6  Instead, Sivak seeks relief regarding how this Court handled his petitions for a writ of mandamus
7  seeking to compel certain conduct by a prison staff member named Zahida Perea, who is the
8  paralegal at the prison's law library, the Idaho State Correctional Institution Resource Center.  The
9  Court notes that Sivak has an extensive history of filing similar frivolous cases.

10  In many of the above-captioned actions, Sivak has requested leave to proceed *in forma*
11  *pauperis* ("IFP").  However, since May 2024, the undersigned has disqualified Sivak from
12  proceeding IFP under 28 U.S.C. § 1915(g) and issued numerous orders dismissing him as a three-
13  striker pursuant to section 1915(g) in more than 200 different cases in the Northern District of
14  California.  *See* 28 U.S.C. § 1915(g).  A nationwide federal court search on the Public Access To
15  Court Electronic Records or PACER database returns hundreds of results for lawsuits in his name.
16  The Ninth Circuit and the District of Idaho have also previously found him to be a three-striker.
17  *See* Ninth Circuit Case No. 23-35190, Dkt. 8 (June 2, 2023) (citing *Sivak v. Winmill*, No. 1: 02-cv-
18  00353 (D. Idaho Oct. 17, 2002) (dismissed for failure to state claim); *Sivak v. Nye*, No. 21-35760
19  (9th Cir. Nov. 8, 2021) (dismissed as frivolous); *Sivak v. Duggan*, No. 21-35356 (9th Cir. Jan. 21,
20  2022) (dismissed as frivolous)).  Because Sivak has had at least three cases dismissed that count as
21  "strikes," pursuant to section 1915(g), he may not proceed IFP in the above-captioned actions
22  unless he demonstrates that he is "under imminent danger of serious physical injury" at the time
23  he filed the petitions in each action.  *See* 28 U.S.C. § 1915(g).  The allegations in the above-
24  captioned actions do not show that Sivak was in imminent danger at the time of filing.  Therefore,
25  he may not proceed IFP, and his motions for leave to proceed IFP are **DENIED**.

26  Moreover, even if an IFP application were granted, his lawsuits would be barred under
27  *Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (finding that federal courts
28  are without power to issue mandamus to direct state courts, state judicial officers, or other state

1  officials in performance of their duties).  To the extent Sivak disagrees with the undersigned
2  judge's disposition of his applications to proceed IFP, he may appeal to the Ninth Circuit as
3  circumstances warrant.  He may not seek review by another judge in the District.  *See Allied*
4  *Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980); *see also Mullis*, 828 F.2d at 1392-93
5  (finding that "horizontal appeal" from one district court to another improper and "district court
6  lacks authority to issue a writ of mandamus to another district court").  In addition, the
7  undersigned judge is absolutely immune from civil claims for damages alleged in connection with
8  actions taken in her judicial capacity.  *See Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996).
9  Furthermore, these are not cases in which the undersigned judge's impartiality might be
10 reasonably questioned due to the repetitive and frivolous nature of the filings.  *See United States v.*
11 *Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (finding that absent legitimate reasons to recuse
12 himself or herself, a judge has a duty to sit in judgment in all cases assigned to that judge).[2]
13 Accordingly, the above-captioned actions are **DISMISSED WITH PREJUDICE**.
14 The Clerk of the Court shall terminate all pending motions and close these above-
15 captioned actions.  **The Clerk shall return, without filing, any further documents Sivak**
16 **submits in these closed cases.**
17 **IT IS SO ORDERED.**
18 Dated: February 5, 2025

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

---

[2] Sivak has previously named the undersigned as a respondent in five cases.  *See* Case Nos. 24-cv-04592-JD (PR), 24-cv-04653-JD (PR), 24-cv-06543-JD (PR), 24-cv-06544-JD (PR), 25-cv-00562-JD (PR).  On October 15, 2024, the Honorable Judge James Donato dismissed four cases with prejudice upon finding that "[n]one of the cases plausibly allege[d] a claim of any sort, even when read generously for a pro se litigant."  *See* Case No. 24-cv-04592-JD (PR), Dkt. 7 at 2.  The fifth case is still pending as it was only recently reassigned to Judge Donato.  *See* Case No. 25-cv-00562-JD (PR), Dkt. 3.  Again, in the above-captioned cases, Sivak does not seek recusal, which is not warranted due to the frivolous nature of the cases.